1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11  CHRISTOPHER WILLIAMS,

12          Petitioner,

13      v.

14

15  WARDEN, USP-MENDOTA,

16          Respondent.

17

Case No.  1:25-cv-00546-SKO (HC)

ORDER CONSTRUING MOTION TO
DISMISS AS ANSWER, DENYING
PETITION FOR WRIT OF HABEAS
CORPUS AND DIRECTING CLERK OF
COURT TO ENTER JUDGMENT AND
CLOSE CASE

[Doc. 11]

18          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas

19  corpus pursuant to 28 U.S.C. § 2241.  He is currently in the custody of the Bureau of Prisons

20  ("BOP") at the Federal Correctional Institution in Mendota, California.  All parties having

21  consented to the jurisdiction of the magistrate judge, on June 20, 2025, the Court issued an

22  order reassigning the case to the undersigned for all purposes, including entry of final

23  judgment. See 28 U.S.C. § 636(c). (Doc. 8.)

24          On May 8, 2025, Petitioner filed the instant habeas petition claiming his procedural due

25  process rights were violated. (Doc. 1.) On August 14, 2025, Respondent filed a motion to

26  dismiss the petition contending that Petitioner's due process rights were not violated. (Doc. 11.)

27  On September 4, 2025, Petitioner filed an opposition/traverse. (Doc. 12.) For reasons discussed

28  below, the Court will construe the motion to dismiss as an answer and deny the petition on the

1 merits.

2 **I.    BACKGROUND**

3    On June 11, 2024, an incident report was issued charging Petitioner with assaulting

4 another with serious bodily injury in violation of BOP Code 101 and pressuring another inmate

5 for legal documents and information in violation of BOP Code 231. (Doc. 11-1 at 10.)

6    On June 18, 2024, a disciplinary hearing was conducted. (Doc. 11-1 at 5-9.) Petitioner

7 did not dispute the charges and entered a plea of "guilty."  (Doc. 11-1 at 5-9.) Petitioner was

8 sanctioned with, *inter alia*, a loss of 41 days of good conduct time credits. (Doc. 11-1 at 9.)

9 **II.    DISCUSSION**

10    **A.    Jurisdiction**

11    Writ of habeas corpus relief extends to a person in custody under the authority of the

12 United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the

13 validity or constitutionality of his conviction must bring a petition for writ of habeas corpus

14 pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of

15 that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. §

16 2241.  See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v.

17 Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30

18 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991).  To receive

19 relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is

20 being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v.

21 Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be

22 credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be

23 housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons

24 erred in determining whether petitioner could receive credit for time spent in state custody);

25 Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny

26 parole).

27    Petitioner challenges the execution of his sentence.  Therefore, the Court has jurisdiction

28 to consider the petition pursuant to 28 U.S.C. § 2241.

**B.    Venue**

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. <u>Brown</u>, 610 F.2d at 677. Petitioner is in the custody of the Bureau of Prisons at FCI-Mendota, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

**C.    Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986); <u>Chua Han Mow v. United States</u>, 730 F.2d 1308, 1313 (9th Cir. 1984); <u>Ruviwat v. Smith</u>, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. <u>Brown v. Rison</u>, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." <u>Id</u>. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." <u>Id</u>.

Respondent does not dispute that Petitioner exhausted his claims administratively.

**D.    Motion to Dismiss**

Respondent filed its responsive pleading as a "Motion to Dismiss, Under 28 U.S.C. 2254, Rule 4 and Response." The Court has already undertaken to screen the petition pursuant to Habeas Rule 4, which requires the Court to dismiss a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. The Court necessarily had to screen the petition before it issued its order of May 15, 2025, directing Respondent to file an answer. (Doc. 4.) Respondent's motion is essentially an answer. Indeed, in a manner inconsistent with a motion to dismiss under Rule 4 or Fed. R. Civ. P 12(b)(6), the motion addresses the merits of Petitioner's claims and includes evidence extraneous to the petition, including documentation of the disciplinary process. For this reason,

1  the motion will be construed as an answer.

2      **E.    Review of Petition**

3      Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

4  diminished by the needs and objectives of the institutional environment.  Wolff v. McDonnell,

5  418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal

6  prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at

7  556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs"

8  of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent,

9  Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

10     When a prison disciplinary proceeding may result in the loss of good time credits, due

11 process requires that the prisoner receive the following procedural guarantees: (1) advance

12 written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3)

13 an opportunity, when consistent with institutional safety and correctional goals, to call

14 witnesses and present documentary evidence in his defense; and (4) a written statement by the

15 factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at

16 454; Wolff, 418 U.S. at 563-567.

17     Petitioner does not dispute that he received advanced written notice of the charges, that

18 the hearing body was impartial, or that he was provided an opportunity to call witnesses and

19 present documentary evidence.  Petitioner nonetheless contends he was not provided a written

20 statement of reasons and evidence relied on, i.e., a copy of the DHO report.

21     Review of the record reveals that Petitioner's claims are without merit. The DHO report

22 provides that it was delivered to Petitioner, to wit, "06-25-2024 0848 hrs." (Doc. 11-1 at 9.)

23 Petitioner was also provided an additional copy of the report during the administrative review

24 process. (Doc. 11-1 at 40-42.) See Patterson v. Bolster, 2020 WL 520588 at *6 (E.D. Va., Jan.

25 31, 2020) (Petitioner's due process claim that he did not receive the DHO Reports was deemed

26 moot because after filing the action, Patterson received the DHO Reports).

27     Even accepting Petitioner's claims to be true, he has not shown any prejudice.

28 Petitioner's administrative appeals were not impacted in any way. His claims were considered

at every level of appeal and rejected on the merits. (Doc. 11-1 at 40, 43.) Petitioner offers no evidence or argument that the delay in receiving the report caused negative consequences or affected his ability to defend himself to reviewing administrative bodies. See Wolff, 418 U.S. at 565 (explaining written reports are necessary to properly challenge disciplinary proceeding outcomes, for example, at higher administrative levels of review); Jones v. Smith, 2006 WL 1222923, at *2 (E.D. Cal. May 5, 2006) (finding the concern in Wolff that petitioner may be prejudiced by not having a copy of the report was nonexistent).

Accordingly, Petitioner fails to demonstrate that his due process rights were violated. Wolff, 418 U.S. at 564.

## III.  **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED,

1)      Respondent's motion to dismiss is CONSTRUED as an answer;

2)      The petition for writ of habeas corpus is DENIED WITH PREJUDICE; and

3)      The Clerk of Court is DIRECTED to enter judgment and close the case.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **September 9, 2025**               _/s/ Sheila K. Oberto_
                                             UNITED STATES MAGISTRATE JUDGE